UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-05241-RGK-PD | Date | September 22, 2022 |
|---|---|---|---|
| Title | *MICHAEL GLIGORIJEVIC v. FCA US LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| K. Pastrana Hernandez (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On June 20, 2021, Michael Gligorijevic ("Plaintiff") filed a Complaint against FCA US LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On July 28, 2022, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 67 (9th Cir. 1992).

In the complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant calculates that based on the vehicle price of $55,000.00 and mileage offset, the amount in controversy, excluding attorneys' fees, already exceeds the jurisdictional minimum, based on actual damages of $48,527.07 and $97,054.14 in civil penalties,.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-05241-RGK-PD | Date | September 22, 2022 |
|---|---|---|---|
| Title | *MICHAEL GLIGORIJEVIC v. FCA US LLC* | | |

    As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. However, based on the allegations of the complaint, civil penalties of twice the amount of damages are overly speculative. Likewise, attorneys fees are speculative.

    Accordingly, the Court finds that Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement.

    In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

    **IT IS SO ORDERED.**

                                                                                                                                         :

                                                             Initials of Preparer                    kmh